**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

DAVID OBERGFELL
and JACQUELYN OBERGFELL, etc.,

       Plaintiffs,

v.

VOLVO CARS OF NORTH AMERICA, LLC,

       Defendant.

Civ. No. 17-~~0006~~ *161* (KM/MAH)

**OPINION & ORDER**

This matter comes before the Court on the motion (ECF no. 4) of the defendant, Volvo Cars of North America, LLC ("VCNA"), to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The plaintiffs have filed a response (ECF no. 6) and the defendant has filed a reply (ECF no. 7). The matter is thus fully briefed and ripe for decision.

The plaintiffs, David and Jacquelyn Obergfell, who are citizens of Texas, bought a Volvo XC90 from Park Place Volvo, an authorized Volvo dealer in Dallas, Texas. The date of purchase was October 8, 2014, and the car had a four year/50,000 mile warranty. According to the Complaint, the rear view camera failed to function almost immediately. They brought the car back to the dealer more than once during the warranty period, but multiple repair attempts did not solve the problem. Their Complaint alleges breach of express warranty; breach of implied warranty; and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.* It contains class action allegations.

The defendant, Volvo Cars of North America, LLC ("VCNA"), is a Delaware limited liability company with its principal place of business in New Jersey. It is

1

a subsidiary of a Swedish corporation. VCNA markets, distributes, and sells
Volvo-branded cars.

## Legal Standard

Under Fed. R. Civ. P. 12(b)(6), the defendant, as the moving party, bears
the burden of showing that no claim has been stated. *Animal Science Products,
Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the
purposes of a motion to dismiss, the facts alleged in the complaint are accepted
as true and all reasonable inferences are drawn in favor of the plaintiff. *New
Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New
Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain
detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the
'grounds' of his 'entitlement to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a cause of action will
not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the
complaint's factual allegations must be sufficient to raise a plaintiff's right to
relief above a speculative level, so that a claim is "plausible on its face." *Id.* at
570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*,
712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met
"when the plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the misconduct alleged."
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).
While "[t]he plausibility standard is not akin to a 'probability requirement' . . .
it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

## Analysis

The motion to dismiss makes a single contention: the plaintiffs never
gave VCNA (as opposed to their local dealership) pre-suit notice of the defect,

2

and therefore cannot sustain a claim of breach of warranty under applicable Texas law.[1]

Under the Texas version of the UCC, after the buyer accepts tender of the goods, "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Tex. Bus. & Com. Code Ann. § 2.607(c)(1). Such notice, says VCNA, is a condition precedent to suit, and the Texas case law "requires would-be warranty plaintiffs to notify *both* immediate sellers *and* remote manufacturers/sellers before commencing a breach of warranty lawsuit." (Def. Br. 6 (citing *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 199 (Tex. App.—Houston 2003); *Reed v. C.R. Bard, Inc.*, No. 1:14-cv-359, 2015 WL 11110600, at *5 (E.D. Tex. Mar. 30, 2015)). Such notice need not take any prescribed form. As to express warranty, it must be fairly specific, but as to implied warranty a "general expression of the buyer's dissatisfaction with the product may be sufficient." *U.S. Tire-Tech,* 110 S.W.3d at 201.

In a diversity case, I am required to predict how the highest court of the relevant state, here Texas, would decide the issue. *See, e.g., Hunt v. U.S. Tobacco Co.,* 538 F.3d 217, 220-21 (3d Cir. 2008). *U.S. Tire-Tech* is not a decision of Texas's highest court. *See id.* at 199 (noting split of lower courts). I am therefore inclined to tread carefully, to avoid getting ahead of the case law in Texas.

VCNA's contentions raise issues unsuitable for resolution on this Rule 12(b)(6) motion.[2] The UCC provision states that the "seller" must be notified. To

---

[1]     Both parties assume, at least for purposes of this motion, that Texas law applies. The assumption is plausible. The plaintiffs live in Texas, they purchased the car in Texas from a Dallas dealership, and their attempts to have the defect repaired occurred in Texas. The only connection to New Jersey is that this state is VCNA's principal place of business. *See generally Yocham v. Novartis Pharm. Corp.,* 736 F. Supp. 2d 875, 880 (D.N.J. 2010) (applying Restatement "most significant relationship" test and applying Texas law to breach of warranty claim arising in Texas).

[2]     VCNA's contention that "Texas law ... requires that Plaintiffs plead [pre-suit notice] as part of their affirmative case" does not persuade. Seemingly it rests on Rule

the extent that the case law extends that requirement to remote manufacturers
or distributors, issues of fact crop up.

 For example, case law suggests that a party's *actual* notice may,
depending on the circumstances, be deemed to meet the concerns of the
statute. *Cf. South Texas Elec. Co-op v. Dresser-Rand Co., Inc.,* 575 F.3d 504,
507–09 (5th Cir. 2009). Here, the plaintiff repeatedly brought the car to the
Volvo dealer from which he bought it. That dealer's materials employed the
Volvo logo. In response to the plaintiffs' complaints, the dealer more than once
indicated that "Volvo" knew about the problem. For example, the dealer
documented that "Volvo knows there is an issue but there is no fix at this
time," and on another occasion stated that "[after assistance with tech hotline,
we have been informed that Volvo is still working on a solution and nothing
else remains to be performed at this time." (Compl. ¶¶ 18, 19, and Exs. 6, 7)
VCNA suggest that there is doubt whether "Volvo" meant VCNA, or argues that
this establishes only general knowledge, not specific notice. On a motion to
dismiss, however, I am required to adopt the interpretation most favorable to
the plaintiffs.

 Other, more subtle issues remain to be explored. Volvo Owners and
Warranty manuals seems to be somewhat indiscriminate in their use of the
name "Volvo."[3] This could suggest a blending of entities in the corporate chain,

---

54 of the Texas Rules of Civil Procedure. *See U.S. Tire-Tech,* 110 S.W.3d at 200. Surely
the *Erie* doctrine implies that pleading requirements are a matter of federal, not state,
law. And Rule 9(c), Fed. R. Civ. P., requires no more than a general allegation that all
conditions precedent have occurred or been performed. The Complaint alleges that
"Volvo" (defines as VCNA) "knows about this defect, but Volvo has not remedied it."
VCNA's main authority, *U.S. Tire-Tech,* called notice a "condition precedent," but
reviewed the evidence of notice on a full trial record. 110 S.W.3d at 200. And it noted
that even failure to request a jury instruction on the point could be excused under
Tex. R. Civ. P. 279, if there was sufficient evidence. *Id.*

3 VCNA notes that plaintiffs attach the owner's manual to their Complaint, and
then quotes the Manual's statement that "Volvo Cars of North America, LLC, Volvo
Cars of Canada Corp. are sometimes referred to in his booklet as 'Volvo.' All such
reference to 'Volvo' are intended to refer to Volvo Car Corporation, Volvo Cars of North

4

convenient for marketing purposes but less so for purposes of responding to consumer complaints. Or not—but those facts should be developed in discovery. Facts about relations between entities in the distribution chain, documents tending to indicate that VCNA had actual knowledge, acts that might have led consumers to rely on a dealership's bearing the Volvo name, and the dealership's evident shared responsibility to perform in-warranty repairs[4]—all might bear on the issue. Of course, I do not suggest how the issue should be resolved; I state only that the facts require further development in advance of any dispositive ruling.[5]

## ORDER

Accordingly, IT IS this 18th day of July, 2017,

ORDERED that the defendant's motion to dismiss the complaint (ECF no. 4) is DENIED.

KEVIN MCNULTY
United States District Judge

---

America, LLC, and/or Volvo Cars of Canada Corp." Reply Br. 4. The argument seems to be, at best, a two-edged sword.

[4]      The Texas cases cited tended to involve intermediaries selling the product of a remote manufacturer, not dedicated dealers operating under the manufacturer's trademark who have responsibility for making in-warranty repairs. Where the distribution chain is integrated in this way, the concerns underlying the Texas notice cases—that the "remote" manufacturer "never had an opportunity to remedy the defect ... or even to inspect the product"—may be wholly absent. *Wilcox v. Hillcrest Mem'l Park of Dallas*, 696 S.W.2d 423, 423 (Tex. App. 1985), *writ refused NRE*, 701 S.W.2d 842 (Tex. 1986).

[5]      Finally, I note that when this complaint was filed, the car (depending on the mileage) may have been within the warranty period, and may still be. VCNA cites cases such as *Yoacham, supra*, for the proposition that in Texas, unlike New Jersey, the filing of a civil complaint comes too late (*i.e.*, that it cannot constitute the required notice). The parties have not briefed the specific issue of whether, within the warranty period, any failure to give pre-suit notice can be cured, either by the filing of the complaint or otherwise. I therefore express no view on the issue.

5